LEITNER, MENTALLY ILL, IN RE.

Probate Court, Huron County.

No. 7808. Decided November 24, 1961.

YOUNG, JR., J. On October 25, 1961, an affidavit was filed, pursuant to the provisions of Section 5122.11, Revised Code, which became effective on that day as part of a sweeping revision of the statutes relating to mental illness, alleging among other things that the affiant believed Fern Leitner to be mentally

ill and in need of specialized observation and treatment. The affidavit was accompanied by a certificate of a licensed physician stating that he had examined Mrs. Leitner and was of the opinion that she was mentally ill and should be hospitalized. A showing was made which gave the court reason to believe that Mrs. Leitner needed immediate hospital treatment. The court thereupon ordered that the sheriff should transport her to the Tiffin State Hospital, and further ordered that written notice of the filing of the affidavit be given to the persons named in Section 5122.12, Revised Code.

Thereafter the matter was set for hearing on November 8, 1961, and written notice of hearing was served upon the proper parties.

Prior to the date set for hearing, the Superintendent of the hospital sent to the court a written report saying that Mrs. Leitner appeared before the hospital staff on November 2, 1961; that her case was reviewed by the staff; that she expressed a desire to admit herself voluntarily to the hospital; that her request was granted and she signed an application for voluntary admission; and that he desired the court's permission to change her type of admission from Order of Detention to Voluntary admission.

This presents a point of procedure which is not specifically covered by the statutes.

Section 5122.14, Revised Code, provides that if the individual named in the affidavit is in a state mental hospital at the time of hearing, the court may accept as evidence the written report of the head of the hospital as to the mental condition of the individual and his need for custody, care, or treatment in a mental hospital.

Section 5122.15, Revised Code, is a long and elaborate statute providing for the hearing on the affidavit. It provides that if upon completion of the hearing the court finds there is probable cause to believe that the individual named in the affidavit is mentally ill and in need of treatment, it may order the individual for a period not to exceed ninety days, to a mental hospital, or to one of several other named treatment facilities.

Section 5122.15, Revised Code, further provides that an individual who has been designated for treatment under this

section may, at any time during the ninety day period, apply for voluntary admission to a hospital under Section 5122.02, Revised Code. If at the end of the ninety day period there has been no disposition of the case, either by release by the court (the statute provides that if before the expiration of the ninety days the hospital, clinic, or psychiatrist determines the individual is not mentally ill, he shall be released, and a report made to the court) or voluntary admission, the hospital, clinic, or psychiatrist shall report its findings and recommendations to the court, which shall then make a final determination, either of discharge or indeterminate hospitalization in a public hospital.

It is a little difficult to determine just what this section means. Presumably, if the individual applies for voluntary admission, the court is to do something other than to discharge the person or order indeterminate hospitalization, but the statute is silent as to just what this something is.

However, an examination of all of the sections of the newly enacted Chapter 5122, Revised Code, seems to make manifestly clear that the purpose and intent of the legislature in enacting this Chapter was to make hospitalization of the mentally ill by court commitment a difficult and complex procedure, to be used only as a last resort when all other means of getting the individual's illness treated had been exhausted. If this is so, then obviously an application by the individual for voluntary admission to the hospital should eliminate any further need for court proceedings, and such proceedings, if commenced, should be promptly terminated.

If, therefore, in the present case, Mrs. Leitner had been found probably mentally ill after the hearing which had been set, and ordered to the hospital for ninety days, upon a report that she had made application for voluntary admission, which had been accepted by the hospital, this court would have been required to dismiss the application.

Under the present circumstances, it would seem entirely futile to proceed to hearing and to order Mrs. Leitner to the hospital for ninety days, since immediately thereafter her application for voluntary admission would require the whole proceeding to be dismissed. In view of the uncertainty of the statutes, this court will try to act in accordance with their ob-

vious purpose and intent, and dismiss the affidavit heretofore filed herein.

An entry will be made accordingly, with exceptions to the person filing the affidavit.